UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 08-11493-RGS

HEIDI K. ERICKSON

v.

TOWN OF PLYMOUTH POLICE DEPARTMENT, et al.

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTION TO DISMISS

August 11, 2009

STEARNS, D.J.

On June 29, 2009, the court allowed defendants' motion to compel plaintiff's responses to requests for discovery. Plaintiff was ordered to respond to the requests no later than July 19, 2009. On July 22, 2009, defendants filed a motion to dismiss this action for, *inter alia*, failure to comply with the court's Order. Defendants additionally state that plaintiff has failed to submit her initial disclosures, which, pursuant to the Scheduling Order entered by the court on April 29, 2009, were due on May 27, 2009.

Plaintiff opposes the motion to dismiss, arguing that despite defense counsel's representations to the court, she has not in fact received any discovery requests from defendants. Plaintiff claims to have contacted defense counsel on numerous occasions, requesting to be served with defendants' discovery requests, but claims that she has not received a response.

Even accepting plaintiff's (dubious) contention as true, plaintiff was ordered by the court to serve her responses to the discovery requests by July 19, 2009. She was,

therefore, obligated by that date to either: (1) serve her responses as instructed; or (2) to seek relief from the court.

Plaintiff's blatant failure to comply with the Scheduling Order and the court's Order dated June 29, 2009, show repeated disregard for the court's Orders, and will not be condoned. The court "is free to enforce its discovery rules by ordering compliance, sanctions, or any other appropriate remedy." Samos Imex Corp. v. Nextel Commc'ns, Inc., 194 F.3d 301, 305 (1st Cir. 1999). Here, the court has previously ordered plaintiff to comply with the discovery rules without result. "In an era of burgeoning case loads and thronged dockets, effective case management has become an essential tool for handling civil litigation. . . . [The First Circuit has] made it plain that a litigant who ignores case-management deadlines does so at [her] peril. . . . Although dismissal ordinarily should be employed only when a plaintiff's misconduct is extreme, disobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)." Tower Ventures, Inc. v. City of Westfield, 296 F. 3d 43, 45-46 (1st Cir. 2002) (internal citations and quotation marks omitted).

Therefore, the motion to dismiss will be <u>ALLOWED</u>, and this matter will be <u>DISMISSED</u> with prejudice. The Clerk will close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____
UNITED STATES DISTRICT JUDGE